[Cite as *Ely v. Dept. of Rehab. & Corr.*, 2009-Ohio-7044.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ANDREW ELY

     Plaintiff

     v.

DEPARTMENT OF REHABILITATION AND CORRECTIONS

     Defendant
     Case No. 2008-07985

Judge Clark B. Weaver Sr.
Magistrate Steven A. Larson

ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶ 1} On September 23, 2009, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On October 5, 2009, plaintiff filed a response. The motion is now before the court on a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also

*Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶ 4}   At all times relevant, plaintiff was an inmate in the custody and control of defendant at various correctional institutions pursuant to R.C. 5120.16.  Plaintiff asserts that employees of defendant at the institutions where he was incarcerated lost or stole mail containing checks and valuable documents, and appropriated his "ideas." Defendant argues that plaintiff cannot prove that its employees lost or stole anything belonging to him.

{¶ 5}   In support of its motion, defendant provided both the affidavit of Jeffery Brlas, a corrections captain who has been in charge of the Grafton Correctional Institution (GCI) mail room since May 2007, and the transcript of plaintiff's deposition.

{¶ 6}   At his deposition, plaintiff described the allegedly missing mail as follows:

{¶ 7}   1)    $2.5 million check from the United States Marine Corps;

{¶ 8}   2)    $5 million check from NASA;

{¶ 9}   3)    Letter from the Microsoft Corporation worth $2 million;

{¶ 10} 4)    Letter from the Federal Deposit Insurance Corporation concerning accounts worth in excess of $100 billion;

{¶ 11} 5)    Letter from the Bank of America concerning plaintiff's accounts that he values at $13 million;

{¶ 12} 6)    Letter from a branch office of Fifth Third Bank concerning plaintiff's accounts;

{¶ 13} 7)    Letter from another branch office of Fifth Third Bank concerning plaintiff's accounts;

{¶ 14} 8)    Letter from the "Ohio Governmental Financial Corporation";

{¶ 15} 9)    Letter from the Peace Corps regarding paychecks that plaintiff never received;

**{¶ 16}** 10)  Letter from "C&O Railroad Retirement" concerning plaintiff's father's retirement benefits that plaintiff values at $2 million;

**{¶ 17}** 11)  Letter from Senator George Voinovich;

**{¶ 18}** 12)  Letter from Puerto Rico Representative Acevedo-Vila Gribal concerning an identification card and past paychecks;

**{¶ 19}** 13)  Letter from the Central Intelligence Agency;

**{¶ 20}** 14)  Letter from the "Interpol Police Department" regarding plaintiff's passport, travel privileges, and money he is allegedly owed;

**{¶ 21}** 15)  Letter from Lorain National Bank regarding a loan;

**{¶ 22}** 16)  Letter and "verification of graduation" from the Cincinnati College of Mortuary Science;

**{¶ 23}** 17)  Letter from NASA concerning a "magneto" device that plaintiff invented.  (Plaintiff's Deposition, Pages 19-44.)

**{¶ 24}** Plaintiff explained that he sent all of the above-mentioned entities letters at one time or another and did not receive responses from them.  He stated that he assumed that his letters were responded to in kind and that defendant's employees stole or lost those responses.  However, plaintiff did not produce any evidence to show that any of the allegedly lost or stolen mail ever existed.

**{¶ 25}** Plaintiff also testified at his deposition that defendant stole his idea for an energy device that he invented, but that he does not have the "faintest idea" who stole it.

**{¶ 26}** Brlas states in his affidavit that he has supervised the GCI mail room since May 2007 and that from that time until the present he has no knowledge of the mail that plaintiff testified about in his deposition.  Brlas further states that any checks that inmates receive in excess of $100 are logged and returned to sender pursuant to defendant's policy.  Brlas states that no such check was logged for plaintiff.

**{¶ 27}** Based upon the foregoing, the court finds that the only reasonable conclusion to be drawn from the evidence is that plaintiff's claims regarding allegedly

lost or stolen mail are unfounded and that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Stephanie D. Pestello-Sharf
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Andrew Ely, #A196-374
2500 South Avon-Belden Road
Grafton, Ohio 44044

Magistrate Steven A. Larson

MR/cmd
Filed December 9, 2009
To S.C. reporter December 29, 2009